IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED
NOV 14 2007
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| BEATRIZ E. EBEL, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | CIVIL ACTION NO. B-04-194 |
| § | |
| ELI LILLY AND COMPANY, § | |
| § | |
| Defendant. § | |

## OPINION & ORDER

BE IT REMEMBERED that on November 14, 2007, the Court **GRANTED** Defendant Eli Lilly and Company's Motion for Summary Judgment. Dkt. No. 47. Defendant's other motions, Dkt. Nos. 46, 48, are thereby rendered **MOOT**. Plaintiff Beatriz E. Ebel did not respond to any of Defendant's three motions. Therefore, the Court could only consider Defendant's motion, Dkt. No. 46, Plaintiff's complaint, Dkt. No. 1, and Defendant's Answer, Dkt. No. 4.

I.  **Background**

Plaintiff Beatriz E. Ebel filed suit against Defendant Eli Lilly and Company on November 9, 2004 alleging that Defendant was liable for the death of Philip Wayne Ebel. Dkt. No. 1. Plaintiff alleged that the decedent took Defendant's medication, Olanzapine marketed as Zyprexa® or Symbyax®, Defendant's medication caused decedent to commit suicide, and that Defendant failed to adequately warn of the potential risk that Defendant's medication could cause suicide. *Id.* at 5, 7. Decedent began taking Zyprexa® in July 2002. *Id.* at 7. On November 9, 2002, another doctor prescribed that decedent also take Paxil®. *Id.* On November 11, 2002, decedent committed suicide. *Id.* Plaintiff stated that Defendant should be liable for decedent's death because Defendant "(a) den[ied] the

association between Zyprexa and suicide, (b) refus[ed] to warn about this risk, [and] (c) blam[ed] the deaths on the 'disease' and publicity on trial lawyers, the media, and others." Dkt. No. 1, at 5-6. Plaintiff asserted that Defendant further failed to adequately warn of the dangerous "drug-drug interaction between Zyprexa and Paxil." *Id.* at 7-8. Plaintiff sued Defendant based on three causes of action strict liability, negligence, and breach of warranty. *Id.* at 9. Defendant denied that Zyprexa® caused the decedent's death and that Defendant failed to adequately warn of the risks associated with the medication. Dkt. No. 4, at 2-4.

## II.   Standard of Review

Summary judgment is appropriate when the movant has established that the pleadings, affidavits, and other evidence available to the Court demonstrate that no genuine issue of material fact exists, and the movant is thus entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); Piazza's Seafood World, LLC v. Odom, 448 F.3d 744, 752 (5th Cir. 2006); Lockett v. Wal-Mart Stores, Inc., 337 F. Supp. 2d 887, 891 (E.D. Tex. 2004). The Court must view all evidence in a light most favorable to the non-moving party. *Piazza's Seafood World, LLC*, 448 F.3d at 752; *Lockett*, 337 F. Supp. 2d at 891. However, factual disputes are resolved in favor of the nonmovant "only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." Olabisiomotosho v. City of Houston, 185 F.3d 521, 525 (5th Cir. 1999).

If the movant satisfies its burden, the non-moving party must then come forward with specific evidence to show that there is a genuine issue of fact. *Lockett*, 337 F. Supp. 2d at 891. The nonmovant may not merely rely on conclusory allegations or the pleadings. *Id.*; Isquith for and on Behalf of Isquith v. Middle South Utilities, Inc., 847 F.2d 186, 199 (5th Cir. 1988). Rather, the nonmovant must demonstrate specific facts identifying a genuine issue to be tried in order to avoid summary judgment. FED. R. CIV. P. 56(e); *Piazza's Seafood World, LLC*, 448 F.3d at 752; *Lockett*, 337 F. Supp. 2d at 891. Summary judgment should be granted "when the nonmoving party fails to meet its burden to come forward with facts and law demonstrating a basis for recovery that would support a jury verdict." *Little*, 37 F.3d at 1071.

Plaintiff has not filed a response to Defendant's Motion for Summary Judgment. Local Rule 7.4 states that failure to respond to such a motion is interpreted as a representation of no opposition. Nevertheless, this Court cannot grant summary judgment simply because there has been no opposition to the motion. Hibernia Nat'l Bank v. Admin. Cental Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985) (citation omitted). This Court may, however, accept as undisputed the movant's version of the facts and grant summary judgment where the movant has met his initial burden of making a prima facie showing of his entitlement to summary judgment. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); McCallum Highlands, Ltd. v. Washington Capital Dus, Inc., 66 F.3d 89, 92 (5th Cir. 1995), *revised on other grounds upon denial of reh'g*, 70 F.3d 26 (5th Cir. 1995).

### III. Learned Intermediary Doctrine

The Texas Learned Intermediary Doctrine applies to all of Plaintiff's claims as they are state law claims based on a manufacturer's failure to warn of potential risks. The Learned Intermediary Doctrine explains that "[p]harmaceutical companies . . . [that] sell[] prescription drugs are required to warn only the prescribing physician, who acts as a 'learned intermediary' between the manufacturer and consumer." Reyes v. Wyeth Laboratories, 498 F.2d 1264, 1276 (5th Cir. 1974). While Defendant manufactured Zyprexa®, Dr. Robert Nett prescribed the drug to the decedent. Thus, the Learned Intermediary Doctrine applies to Plaintiff's claims.

#### A. Scope of the Doctrine

The Learned Intermediary Doctrine applies to all of Plaintiff's claims against Defendant. Where the crux of the suit is based on a failure to adequately warn, the learned intermediary doctrine may apply to strict liability, negligence, misrepresentation, and breach of warranty claims. *In re* Norplant Contraceptive Products Liability Litigation, 955 F. Supp. 700, 709 (E.D. Tex. 1997), *aff'd* 165 F.3d 374 (5th Cir. 1999). "If the doctrine could be avoided by casting what is essentially a failure to warn claim under a different cause of action . . . then the doctrine would be rendered meaningless." *Id.* All of Plaintiff's

-3-

claims require proof that Defendant's warning was inadequate. *In re Norplant Contraceptive Products Liability Litigation*, 955 F. Supp. at 709; Gerber v. Hoffmann-La Roche Inc., 392 F. Supp. 2d 907, 914 (S.D. Tex. 2005) (citing Lucas v. Tex. Indus., Inc., 149 S.W.2d 372, 377 (Tex. 1984)); Morgan v. Wal-Mart Stores, Inc., 30 S.W.3d 455, 461 (Tex. App. 2000). Therefore, the Learned Intermediary Doctrine applies to all of the claims. *In re Norplant Contraceptive Products Liability Litigation*, 955 F. Supp. at 709.

### B. Adequate Warning for Zyprexa®

The Learned Intermediary Doctrine disposes of Plaintiff's claims as they relate to the failure to warn of any causal connection between Zyprexa® and suicide. The Learned Intermediary Doctrine does not require manufacturers to adequately warn patients taking the manufactured medication as long as the manufacturer adequately warned the prescribing physician of the medication's potential risks. Porterfield v. Ethicon, Inc. 183 F.3d 464, 467-68 (5th Cir. 1999). "The product manufacturer relies on the physician to pass on its warnings." *Id.* at 468. To recover under this doctrine, Plaintiff must show: "(1) the warning was defective; and (2) the failure to warn was a producing cause of the plaintiff's condition or injury." *Id.* A plaintiff must prove both elements to establish that a defendant is liable whereas, a defendant need only disprove one element to defeat liability. Furthermore, the defendant manufacturer is not liable even where a warning is inadequate if the physician was aware of the potential risks and prescribed the medication anyway. *Id.*; Koenig v. Purdue Pharma Co., 435 F. Supp. 2d 551, 555-56 (N.D. Tex. 2006).

Defendant asserted that the warning provided was adequate even though it did not mention a correlation between Zyprexa® and suicide. Dkt. No. 46, at 6. Defendant denied any such correlation. *Id.* In support, Defendant provided evidence that the United States Food and Drug Administration approved Defendant's warning labels for Zyprexa®. Dkt. No. 46, Ex. A. Under Texas law, that FDA approval creates a rebuttable presumption that the approved warnings are adequate. TEX. CIV. PRAC. & REM. CODE ANN. § 82.007(a). Thus, Defendant provided evidence which established a presumption that the warning for Zyprexa® was adequate.

Plaintiff failed rebut the presumption. "In the context of a summary judgment, the party against whom a statutory presumption operates must produce sufficient evidence for the case to proceed to trial." Ackermann v. Wyeth Pharmaceuticals, 471 F. Supp. 2d 739, 749 (E.D. Tex. 2006). Plaintiff failed to respond to Defendant's motion for summary judgment, and thereby provided no evidence to rebut the presumption or create a genuine issue of material fact as to the adequacy of the warning.

Moreover, Defendant is not liable however because irrespective of the adequacy of the warning, the alleged failure to warn did not cause decedent's death. Decedent's prescribing physician, Dr. Nett, indicated in his deposition that he was aware of a potential causal link between Zyprexa® and suicide, and yet prescribed Zyprexa® anyway. Dkt. No. 46, Depo. Ex. B at 120, 129, 131. Dr. Nett explained that Zyprexa® seemed to be the only feasible option for the decedent at the time. Id., Depo. Ex. B at 79. Essentially, because Dr. Nett knew of the possible association and nonetheless prescribed Zyprexa® to the decedent and Plaintiff offered no contradictory evidence, there is no genuine issue of material fact. Therefore, Plaintiff's claims against Defendant based on its alleged failure to warn of the potential risks of Zyprexa® cannot survive Defendant's motion of summary judgment.

### C. Adequate Warning for Mixing Zyprexa® with other drugs

To the extent that Plaintiff's complaint may be construed to contain another cause of action for failure to warn of risks associated with "polypharmacy", the claim nonetheless fails. To the Court's knowledge, Dr. Nett did not testify in his deposition that he knew of any potential risk if a patient were prescribed Zyprexa® and Paxil®. Nonetheless, summary judgment is appropriate because there exists no genuine issue of material fact as to whether the warning provided was adequate.

As explained above, the FDA approved the warning labels Defendant provided for Zyprexa®. Dkt. No. 46, Ex. A. Therefore, this Court may presume that the warning was adequate. TEX. CIV. PRAC. & REM. CODE ANN. § 82.007(a). Plaintiff had the responsibility to demonstrate a genuine issue of material fact and provide evidence which rebutted the presumption. Id.; Ackermann, 471 F. Supp. 2d at 749. Plaintiff did not. Therefore, a claim

that Defendant failed to provide adequate warnings as to the potential risks of taking other medication while on Zyprexa® similarly cannot survive Defendant's motion for summary judgment.

## IV.   Conclusion

The Court therefore **GRANTS** Defendant Eli Lilly and Company's Motion for Summary Judgment. Dkt. No. 47. Defendants other motions, Dkt. Nos. 46, 48, are rendered **MOOT**. The Court **DISMISSES WITH PREJUDICE** all of Plaintiff's claims against Defendant. The Court further instructs the District Clerk to close this case.

DONE at Brownsville, Texas, on November 14, 2007.

Hilda G. Tagle
United States District Judge