IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BEATRIZ E. EBEL, individually and as personal representative of the estate of Philip Wayne Ebel, deceased, and as next friend of Eric Fernando Ebel and Gabriela Nicole Ebel, minors, | § § § § § § | United States District Court<br>Southern District of Texas<br>ENTERED<br>SEP 2 2 2008<br>Michael N. Milby, Clerk of Court<br>By Deputy Clerk |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. B-04-194 |
| ELI LILLY AND COMPANY, | § § § | |
| Defendant. | § | |

### OPINION & ORDER

BE IT REMEMBERED, that on September 22, 2008, the Court **DENIED** Defendant's Motion for Costs, Dkt. No. 81.

Plaintiff Beatriz E. Ebel filed suit against Defendant Eli Lilly and Company on November 9, 2004 alleging that Defendant was liable for the death of decedent, Philip Wayne Ebel. Dkt. No. 1. Defendant is a pharmaceutical company which developed and markets olanzapine, a drug sold as Zyprexa®. *Id.* at 2. Plaintiff alleged that decedent took Zyprexa®, Defendant failed to adequately warn that Zyprexa® could cause suicide or akathisia, and decedent committed suicide because he took Zyprexa®. *Id.* at 5, 7.

On January 29, 2008, this Court granted Summary Judgment for Defendant. Dkt. No. 74. Final Judgment was entered on February 27, 2008. Dkt. No. 80. Plaintiff appealed on February 12, 2008. Dkt. No. 75. On March 12, 2008, Defendant filed a Motion for Costs. Dkt. Nos. 81, 82, 83. Defendant sought an award of taxable costs totaling thirty-three thousand seven hundred and forty six dollars and seventy-one cents ($33,746.71). *Id.* Specifically, Defendant requested costs for fees of the court reporter, witness fees, and fees for exemplification and copies of papers. *Id.* Plaintiff filed an objection to the Bill of Costs. Dkt. No. 84. Plaintiff argued that costs should not be taxed

as the action had been dismissed by a summary judgment motion, Defendant has enormous financial resources, Plaintiff acted in good faith in pursuing the claim, and summary judgment rested on the deposition of one physician therefore other depositions and witness fees should be excluded. *Id.*

Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920, a district court may tax the costs of litigation against the losing party. Section 1920(d) provides district courts with discretion to decline to tax costs. Generally, courts look to five factors:

> (1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources.

*Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006). A court may decline to tax costs where that the plaintiff acted in good faith and has demonstrated that one other persuasive factor applies. *Id.* at 793. As the prevailing party is presumed to be entitled to costs, the losing party bears the burden of overcoming the presumption. *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985).

This Court is persuaded that it should not award Defendant costs as Plaintiff pursued this claim with good faith and Defendant has enormous financial resources. Plaintiff initiated this suit in good faith; it was neither frivolous, unreasonable, nor without foundation. Moreover, Defendant Eli Lilly & Company's net income was almost three billion dollars in 2007. *See* Dkt. No. 84, Ex. 2; Eli Lilly and Company, 2007 Annual Report, *available at* http://investor.lilly.com/annuals.cfm (follow 2007 "Annual Report and Proxy Statement English"). Therefore, this Court is persuaded that costs should not be taxed to Plaintiff. Defendant's Motion for Costs is **DENIED**.

DONE at Brownsville, Texas, on September 22, 2008.

Hilda G. Tagle
United States District Judge